Judge Roth,
concurring in part and concurring in the judgment:
In regard to Part III.B, I would hold that Ficca and Bloomsburg University’s participation in the dismissal of Borrell from the program was academic, not disciplinary. Although Borrell’s academic marks were satisfactory, once she had been dismissed from the elinical portion of *164 the NAP program by Geisinger, she was no longer academically qualified to complete the NAP.' For that reason, she was not being dismissed from the Bloomsburg University portion of the program because she refused to take the drug test. She was being dismissed because.she was no longer academically eligible to complete the pro.gram. Clearly, this action is academic, rather than disciplinary.
Moreover, because Ficca and Blooms-burg University’s action in dismissing Bor-rell from the program was not disciplinary, she in fact received all the due process to which she was entitled. See, e.g., Board of Curators of the University of Missouri v. Horowitz, 435 U.S. 78, 85, 98 S.Ct. 948, 55 L.Ed.2d 124 (1978).